IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES<br><br>v.<br><br>RODNEY KENT<br>               **Defendant.** | CRIMINAL ACTION NO. 18-417 |

**MEMORANDUM OPINION**

**Rufe, J.**                                                                                                       **September 28, 2020**

Defendant Rodney Kent filed a motion seeking pretrial release, citing changed conditions caused by the COVID-19 pandemic. At a hearing held on September 8, 2020, the Court **DENIED** the motion. This memorandum expands upon the reasons stated on the record.

I.   **BACKGROUND**

Rodney Kent ("Defendant") is an inmate at the Federal Detention Center in Philadelphia ("FDC Philadelphia").[1] On September 27, 2018, a grand jury returned an indictment charging Defendant with sex trafficking of a minor via force, threats and coercion under 18 U.S.C. § 1591(a)(1), (b)(1), & (b)(2).[2] On September 28, 2018, at Defendant's initial appearance, Magistrate Judge Lynne A. Sitarski granted the government's motion for temporary detention.[3]

---

[1] Def. Mot. For Pretrial Release, Jun. 10, 2020 [Doc. No. 69].

[2] Indictment, Sep. 27, 2018 [ Doc. No. 1].

[3] Doc. No. 4.

On October 3, 2018, an arraignment and detention hearing was held and after considering the evidence presented by the government, Magistrate Judge Richard A. Lloret ordered Defendant to remain in pretrial detention.[4]

On February 19, 2019, Defendant filed a Motion for release pending trial due to changed circumstances, which included a proposed release plan.[5] On March 11, 2019, this Court held a hearing on the motion.[6] On April 4, 2019, this Court denied Defendant's motion for pretrial release, concluding that the reasons proffered by Defendant were insufficient "to overcome the statutory presumption in favor of his detention."[7] This Court determined:

> There is substantial evidence in this case to support a finding of probable cause to believe that Defendant committed a human sex trafficking violation involving a minor victim including: (1) direct witness testimony from the minor victim and law enforcement officers establishing Defendant's forcible prostitution of the minor victim; (2) the Defendant's electronic messages with the minor victim; (3) photographs documenting the minor victim's injuries inflicted by defendant; (4) corroborating evidence in the form of Backpage advertisements depicting the minor victim and offering her for commercial sex and which are associated with Defendant through e-mail addresses that reference Defendant's nickname and date of birth; and (5) Skout account information for the account that communicated with the minor victim containing a user name and e-mail address referencing Defendant's nickname.
>
> . . .
>
> The overwhelming factual allegations establish probable cause that Defendant engaged in the sex trafficking of a minor through the use of violence and threats. The serious nature of these offenses and the violent nature of the factual allegations strengthen the presumption that Defendant is a danger to the community. Furthermore, defendant's criminal history, combined with the seriousness of the present charges, indicates a potential for violence. The

---

[4] Pretrial Detention Order, Oct. 3, 2018 [Doc. No. 12] (citing 18 U.S.C. § 3142(e), § 3142(f)(1)(B), and § 3142(f)(1)(E))..

[5] Def. Mot. For Release pending Trial, Feb 19, 2019 [Doc. No. 20]. Defendant argued that his proposed release plan, which included a named residence, job and ties to the community, showed that he was not a flight risk nor danger to the community.

[6] Doc. No. 25.

[7] Order Den. Def. Mot. For Release Pending Trial, Apr. 4, 2019 [Doc. No. 28] at 2.

circumstances offered by Defendant fail to overcome the statutory presumption in favor of his detention. No condition or combination of conditions will reasonably assure his appearance at trial or the safety of the community if he were to be released prior to trial. Therefore, Defendant's Motion for Release Prior to Trial is denied.[8]

On April 25, 2019, Defendant filed a motion for a bill of particulars.[9] Once again, this Court held a hearing on the motion and on June 13, 2019, the motion was denied.[10]

Defendant's trial was originally scheduled for December 3, 2018.[11] On three occasions, the Court has granted Defendant's motions for continuance, and rescheduled the trial dates.[12] More recently, as a result of the emergency presented by COVID-19, Chief Judge Juan R. Sánchez issued Standing Orders on March 13, 2020, April 10, 2020, May 29, 2020, June 30, 2020, and July 31, 2020 suspending jury trials.[13] In addition, the Eastern District of Pennsylvania has just issued another Standing Order postponing all jury trials besides a limited number of designated cases through November 2, 2020.[14] Due to these standing orders, the Court granted two motions for continuance filed by the government.[15] Defendant's new trial date is set for November 30, 2020.[16]

---

[8] *Id.* at 2-4.

[9] Doc. No. 29.

[10] Doc. No. 33, 34.

[11] Notice of Hr'g Oct. 10, 2018 [Doc. No. 9].

[12] *See* Order, November, 8, 2018 [Doc. No. 15]; Order, February 13, 2019 [Doc. No. 19]; Order, July 29, 2019 [Doc. No. 52].

[13] Order, June 22, 2020 [Doc. No. 72]; Order, September 11, 2020 [Doc. No. 99].

[14] Standing Order, August 31, 2020, https://www.paed.uscourts.gov/documents/standord/StandingOrder-Extension5.pdf.

[15] *See* Gov. Motions To Continue [Doc. No. 71, 95].

[16] Order, September 16, 2020 Doc. No. 101].

On June 10, 2020, Defendant again moved for release pending trial due to changed circumstances regarding the COVID-19 pandemic pursuant to 18 U.S.C. § 3142(i).[17] Specifically, Defendant contends that the "pandemic… poses a direct risk" to him.[18] Defendant does not plead any other change in circumstances.[19]

## II. LEGAL STANDARD

The Bail Reform Act requires "the pretrial release of a defendant prior to trial unless 'no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of any other person and the community.'"[20] Section 3142(i) provides that "[t]he judicial officer may . . . permit the temporary release of the person, in the custody of a United States Marshal or another appropriate person, to the extent that the judicial officer determines such release to be necessary for preparation of the person's defense or for another compelling reason."[21] Courts have used this provision "sparingly to permit a defendant's release where, for example, he is suffering from a terminal illness or serious injuries."[22] A defendant seeking temporary release under § 3142(i) has already been subject to a judicial determination that pretrial detention is warranted because no condition or combination of conditions would reasonably assure he is not a flight risk and is not a danger to the community.[23] "Accordingly, the Court takes into consideration whether Defendant has presented such compelling reasons that

---

[17] Def. Mot. For Pretrial Release, Jun. 10, 2020 [Doc. No. 69].

[18] *Id,* at 8.

[19] *Id.*

[20] *United States v. Soriano Nunez,* 928 F.3d 240, 244 (3d Cir.) (quoting 18 U.S.C. § 3142(e)(1)).

[21] 18 U.S.C. § 3142(i).

[22] *United States v. Hamilton*, No. 19-54-01, 2020 WL 1323036, at *2 (E.D.N.Y. Mar. 20, 2020) (citing *United States v. Scarpa*, 815 F. Supp. 88 (E.D.N.Y. 1993)).

[23] *United States v. Boatwright*, No. 19-301, 2020 WL 1639855, at *5 (D. Nev. Apr. 2, 2020) (citing *United States v. Clark*, 2020 WL 1446895, at *3 (D. Kan. Mar. 25, 2020)).

effectively override or at least sufficiently counterbalance the findings that originally justified the pretrial detention order."[24]

### III. DISCUSSION

There has been no change from the circumstances that existed when the Court denied Defendant's earlier motion for release in April of 2019. Additionally, Defendant has failed to allege any circumstances that make him particularly susceptible to the COVID-19 virus and the Third Circuit has explained that "the existence of some health risk to every federal prisoner as the result of this global pandemic does not, without more, provide the sole basis for granting release to each and every prisoner within our Circuit."[25]

The Third Circuit further explained, "[w]hile the COVID-19 pandemic has given rise to exceptional and exigent circumstances that require the prompt attention of the courts, it is imperative that they continue to carefully and impartially apply the proper legal standards that govern each individual's particular request for relief."[26] Reiterating the need for particularity when evaluating claims for relief based on COVID-19, the court held in another case that "the mere existence of COVID-19 in society and the possibility that it may spread to a particular prison alone cannot independently justify . . . release."[27] "The court must make an individualized determination as to whether COVID-19 concerns present such a compelling reason in a particular case that temporary release is necessary under § 3142(i)."[28] In determining whether the

---

[24] *Id.* at *5 (citing *Clark*, 2020 WL 1446895, at *3).

[25] *United States v. Roeder,* 807 Fed. Appx. 157, 161 n.16 (3d Cir. 2020); *see also id.* At 160 ("[T]he existence of a widespread health risk is not, without more, a sufficient reason for every individual subject to a properly federal sentence of imprisonment to avoid or substantially delay reporting for that sentence."); *United States v. Raia*, 954 F.3d 594, 597 (3d Cir. 2020).

[26] *United States v. Roeder*, No. 20-1682, 2020 WL 1545872, at *3 (3d Cir. Apr. 1, 2020).

[27] *United States v. Raia*, 954 F.3d 594, 597 (3d Cir. 2020)

[28] *United States v. Smoot*, No. 2:19-CR-20, 2020 WL 1501810, at *2 (S.D. Ohio Mar. 30, 2020).

COVID-19 pandemic supports release under § 3142(i), courts have considered four useful factors: "(1) the original grounds for the defendant's pretrial detention, (2) the specificity of the defendant's stated COVID-19 concerns, (3) the extent to which the proposed release plan is tailored to mitigate or exacerbate other COVID-19 risks to the defendant, and (4) the likelihood that the defendant's proposed release would increase COVID-19 risks to others."[29]

The original grounds for the Defendant's pretrial detention weigh heavily against release. The April 4th detention order denying pretrial release outlined the "overwhelming factual allegations [that] establish probable cause that Defendant engaged in the sex trafficking of a minor through the use of violence and threats."[30] The Court decided that the severity of the alleged crimes, combined with Defendant's criminal history, "indicates a potential for violence."[31] Considering the only condition that has changed since the Court's ruling is the prevalence of COVID-19, the original grounds for the denial of pretrial release still carry great weight.

In contrast to the specificity requirement, Defendant's "COVID-19 concerns are general and speculative."[32] Defendant does not assert that he has any medical condition that places him at greater risk from COVID-19 and courts have seldom found "generalized fears of contracting

---

[29] *See e.g.*, *Clark*, 2020 WL 1446895, at *3; *USA v. Cazares*, No. 18-466-1, 2020 WL 1955730, at *3 (N.D. Cal. Apr. 23, 2020); *United States v. Palazzola*, No. 19-20235, 2020 WL 1984116, at *2 (E.D. Mich. Apr. 27, 2020) (quoting *United States v. Smoot*, No. 19-20, 2020 WL 1501810, at *2 (S.D. Ohio Mar. 30, 2020)); *Deshields*, 2020 WL 2025377, at *3; *Boatwright*, 2020 WL 1639855, at *5; *United States v. Love*, No. 17-342, 2020 WL 1984313, at *6 (M.D. Pa. Apr. 27, 2020).

[30] Order Den. Def. Mot. For Release Pending Trial, Apr. 4, 2019 [Doc. No. 28] at 2.

[31] *Id.* at 3. It was reiterated at the pretrial hearing that Defendant has "been convicted of assault[,] reckless endangerment, [and] criminal conspiracy in 1998. Pleaded guilty to a separate felony narcotics event the same year and misdemeanor drug offense in 2011. Kent Hearing Transcript 09/08/2020, 136:20-24.

[32] *Deshields*, 2020 WL 2025377, at *4; *see also United States v. Crowder*, No. 17-291, 2020 WL 1891878, at *5 (M.D. Pa. Apr. 16, 2020) (citation omitted).

COVID-19, without more, constitute a compelling reason."[33] The only medical condition the Defendant raises is an injury to a ligament in his knee.[34] This Court does not diminish the importance of obtaining proper medical care to treat this injury, but a knee injury is not "one of the presenting issues on COVID-19."[35] Further, at the pretrial hearing, when defense counsel was asked by this Court what is different now besides COVID-19 on the motion for bail, defense counsel responded by stating "what is different besides COVID-19 is COVID-19."[36] This general allegation is insufficient to show Defendant is entitled to pretrial release.

At the pretrial hearing, defense counsel also argued that "the medical condition is not really being raised under COVID-19. It [is] being raised under the fact that the FDC is not able to take care of it because [] they have other pressing needs."[37] This argument is not persuasive and does not overcome the statutory presumption in favor of detention. Defendant fails to show that his medical condition is life threatening or that he is at risk of a losing a limb. Thus, Defendant has not made a specific showing that his medical condition places him at greater risk due to COVID-19.

Additionally, the Bureau of Prisons has reported fewer than ten cases of COVID-19 at FDC Philadelphia among inmates and staff, and six of those individuals have since recovered.[38] Therefore, Defendant's generalized COVID-19 concerns do not weigh in favor of release.

---

[33] *United States v. Bothra*, No. 20-1364, 2020 WL 2611545, at *2 (6th Cir. May 21, 2020); *Smoot*, No. 2:19-CR-20, 2020 WL 1501810, at *2; *United States v. Upshur*, No. 18-124, 2020 WL 3128026, at *2 (E.D. Pa. June 12, 2020); *United States v. Sanmiguel*, No. 19-630, 2020 WL 3036636, at *2 (N.D. Tex. June 5, 2020).

[34] Kent Hearing Transcript 09/08/2020, 134:14-22.

[35] Kent Hearing Transcript 09/08/2020, 136:7-10.

[36] Kent Hearing Transcript 09/08/2020, 134:10-14.

[37] Kent Hearing Transcript 09/08/2020, 137:20-23.

[38] Federal Bureau of Prisons, *COVID-19 Cases*, https://www.bop.gov/coronavirus/index (last visited July 20, 2020).

Moreover, Defendant's proposed release plan does not mitigate the COVID-19 risks to Defendant. Defendant proposes that he be released to his family home with his siblings and return to his construction job.[39] Pretrial release has been denied where a Defendant "offers nothing more than mere speculation that home detention would be less risky than [federal] detention… which has screening practices and other reasonable COVID-19 precautions in place."[40] The government has also presented evidence that the BOP is taking appropriate measures to mitigate the risk of COVID-19 transmission at the FDC.[41] Defendant has not shown a compelling proposed release plan that would mitigate the risks of COVID-19, weighing in favor of detention.

Finally, at the pretrial hearing, Defendant raised concerns over the length of time that he will be subject to pretrial detention as a result of COVID-19. Although the pandemic has created unprecedented circumstances that have delayed all jury trials in this District, jury trials have resumed, and the Court has rescheduled the case for trial on November 30, 2020.[42] Although concerns over delay and over a lengthy pretrial detention period are valid, they do not outweigh the other factors that strongly demonstrate the necessity of pretrial detention.

No arguments have been pressed that Defendant's speedy trial rights have been violated either under a statutory or constitutional framework. The Court does observe that had such grounds been raised, our decision would be the same. Throughout this case, since the Indictment was filed, thirteen pretrial motions have been filed and ruled upon after multiple hearings were

---

[39] Def. Mot. For Pretrial Release, Jun. 10, 2020 [Doc. No. 69] at 9.

[40] *Boatwright*, No. 219CR00301GMNDJA, 2020 WL 1639855, at *7.

[41] Resp. in Opp. to Def. Mot. For Pretrial Release, Jun. 26, 2020 [Doc. No. 76] at 4-7.

[42] Doc. No. 101.

held in addition to Defendant's release hearings. Thus, COVID-19 has not prevented adequate attention to the legal issues raised in preparation for trial.

For all the reasons stated, this Court denies the renewed motion for pretrial release. The COVID-19 pandemic does not mitigate the serious risk that Defendant poses to the community or the real possibility that the alleged victim in this case could be subject to the risk of intimidation or harm.

## IV.   CONCLUSION

Defendant failed to demonstrate a change in circumstances warranting release pending trial under § 3142(i). The Court therefore denies the motion.

An order will be entered.